## COMMONWEALTH *vs.* JONATHAN W. BOND.

Gold coin, not issued by the authority of congress, nor of any foreign government, but made within one of the United States, contrary to the constitution of the United States, although in circulation in this state, are not "gold coin current by law or usage within this state," the counterfeiting of which, or having counterfeits of with intent to utter, or uttering, &c. as true, is prohibited by Rev. Sts. *c.* 127, §§ 15, 16.

INDICTMENT on Rev. Sts. *c.* 127, § 16, alleging that the defendant, at Worcester, on the 5th of September 1853, "had in his custody and possession a certain piece of false money and coin, forged and counterfeit to the similitude and likeness of certain good gold money and coin current in said commonwealth by the usages thereof as money, called a California five dollar gold piece; and the aforesaid piece of forged and counterfeit money and coin the said Bond did then and there utter and pass in payment as true to one Nancy W. Fairbanks with intent her, the said Nancy W. Fairbanks, to cheat, injure and defraud; he, the said Bond, then and there well knowing the aforesaid piece of money and coin to be false, forged and counterfeit; against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

At the trial in the court of common pleas, before *Bishop*, J. it was admitted that the piece, which the defendant was proved to have passed, was not in the similitude of any coin issued from the mint of the United States, or by the authority of any foreign state, as legal currency; but was in the similitude of five dollar gold pieces, made in California; and there was evidence tending to show that such gold pieces were in circulation in the city of Worcester, and were passed for five dollars in business transactions, but there was a small discount upon them at the banks.

The defendant requested the judge to instruct the jury, that the piece, alleged to be counterfeit, did not come within the prohibitions of the Rev. Sts. *c.* 127, §§ 15, 16. But the judge declined to do so, and instructed the jury that if they were reasonably satisfied by the evidence, that California gold pieces,

of which the alleged counterfeit piece was in similitude, were current by usage, and that the defendant knew said piece to be a counterfeit thereof, they could find him guilty. And to this instruction the defendant, being found guilty, alleged exceptions.

*C. E. Pratt,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth, cited *Commonwealth* v. *Fuller,* 8 Met. 313; *Commonwealth* v. *Stearns,* 10 Met. 256; *Commonwealth* v. *Stone,* 4 Met. 48; and *Rex* v. *Freeth,* Russ. & Ry. 127.

DEWEY, J. The question arising in the present case is, whether the having in possession a piece of counterfeit gold coin, in the similitude of a California five dollar gold piece, knowing the same to be counterfeit, and uttering and passing the same as a true California five dollar gold piece, is an offence punishable under the Rev. Sts. *c.* 127, §§ 15, 16. The counterfeit gold coin, the having which in possession, and uttering and passing it as true, is made punishable, is, by the terms of the statute, a counterfeit of a " gold coin, current by law or usage within this state."

Is a California five dollar gold piece embraced within this description? Clearly it is not a gold coin current by law in this state. The legal coin of these United States is wholly a matter under the legislation of the congress of the United States. By the constitution of the United States, art. 1, § 8, it is provided that " the congress shall have power to coin money, regulate the value thereof, and of foreign coin." And by § 10 : " No State shall coin money." Thus we see the exclusive power of coining money was given to the congress of the United States. Under this provision, congress have from time to time legislated on the subject, establishing mints, regulating the alloy, and fixing the value of the different coins, and assumed to discharge all the duties in this behalf devolving upon them by the constitution. The individual states had, under the confederation, given up the right to regulate the alloy and the value, but retained in themselves the limited right of coining money, concurrently with congress. By the constitution, they transferred the whole matter to congress, the better to secure entire uniformity in the

coins of the whole union. Congress have also, under the pro-
visions of § 8, regulated the value of foreign coins, providing
that certain foreign coins, issued by the authority of certain for-
eign states, shall be a legal tender, and prescribing the rates at
which such coins shall be taken. It is admitted that the alleged
counterfeit was not in the similitude of any coin issued from the
mints of the United States, or of any of those coins of other
governments that have been legalized by the acts of congress.
Such being the case, the facts show no offence in violation of
that portion of the Rev. Sts. c. 127, §§ 15, 16, which provides for
the punishment of uttering and passing counterfeit gold coin in
similitude " of gold coin current by law within this state."

The only remaining inquiry is, whether such counterfeit gold
piece is in similitude of any gold coin "current by usage within
this state." What is to be understood by these words, as used
in our statute? We have supposed that they were intended to
embrace certain foreign coins, made without the limits of the
United States by foreign governments, or persons claiming to
exercise the prerogative of coining money, and not being coins
that have been made current here by any law of the United
States. Congress have, as has already been stated, made by
statute certain coins of particularly named foreign governments
a legal currency here. There are however other foreign coins
current among us by usage, and to these we suppose the statute
of Massachusetts applies, when it imposes a penalty for uttering
and passing counterfeit coin in the similitude " of gold coin
current by usage within this state."

This counterfeit was made in the similitude of a coin made
in California, one of these United States, and confessedly in
contravention of the constitution and laws of the United States.
No authority existed at that time for coining money in Califor-
nia, and no suggestion is made that the California five dollar
gold pieces were made under any legal authority.

Waiving the question, whether evidence merely to show that
such gold pieces were in circulation in the city of Worcester
would have authorized the jury to find this coin was current by
usage, and whether there must not be proof of a more general

use, the objection then arises that such use, if it existed, was in contravention of law, and a direct violation of it. No usage of that character can be set up. The right to coin money being solely vested by the constitution in the congress of the United States, any coinage by one of these states, or by citizens thereof residing within the same, would be illegal. Such coin, if proved to be in circulation, could never be proper'y denominated a coin "current by usage;" for no usage can be set up in direct violation of a law forbidding it. It would not be the gold coin intended to be protected as a circulating medium and the coun terfeiting of which is made a highly penal offence.

In the opinion of the court, the case does not show an offence punishable under the Rev. Sts. *c.* 127, §§ 15, 16.

*Exceptions sustained.*